## B. D. ARNOLD AND ANOTHER v. C. JONES.

The old rule that a common carrier is answerable for all losses not occa sioned by the act of God or of the public enemy, is founded alike in justice and in sound policy, and ought never to be departed from.

The defendants, being sued as common carriers, offered to prove by a witness that he was present when the bill of lading was executed by the defend ants, and that it was the express contract and understanding between them and the plaintiff that they were not to be responsible for any risk or loss that might unavoidably befall the boat or freight in descending the river: *Held*, that the evidence was properly excluded as tending to con tradict or vary the bill of lading.

APPEAL from McLennan. Tried below before the Hon. John Gregg.

This suit was instituted by the appellee on the 8th of October, 1857, to recover from the appellants, as common carriers, damages for the loss of seven bales of cotton, and for injury to other cotton of the plaintiff, while in charge of defendants for transportation to Galveston.

In the spring of 1856, the defendants constructed a keel-boat or barge at Waco, for the purpose of freighting on the Brazos river. At the falls of the Brazos they received from the plaintiff thirty-five bales of cotton, for delivery at Galveston, receipting for the same in good order, and engaging to deliver them in like order.

At Munson's shoal, about one hundred and fifty miles below the falls, the boat ran on a sunken rock and was wrecked. Seven bales of the plaintiff's cotton were lost, and of the balance, three bales were ultimately received by the consignees in a damaged condition.

The defendants, in their answer, denied that they were common carriers, or had assumed the responsibilities of such; alleged that their enterprise was an experiment to test the navigation of the Brazos river, and that in receiving freight from the plaintiff and other persons they had only engaged for the exercise of the ut most care, diligence and prudence in endeavoring to avoid the well

known risks of the enterprise, and expressly refused to assume the responsibilities of common carriers; averred that they had used and exercised the greatest degree of prudence, diligence and care, but that without neglect or fault upon their part the boat was lost by an unavoidable accident. They prayed judgment against the plaintiffs, in reconvention, for the sum of two hundred dollars, expenses incurred in securing and forwarding the cotton after the wreck, &c.

The defendants introduced as a witness Julius A. Oakes, by whom they proposed to prove that at the time they executed to the plaintiff their receipt, or bill of lading, it was the express contract or understanding between them and the plaintiff that they were not to be answerable for any risk or loss that might unavoidably befall the boat or cotton in descending the river. The plaintiff objected to this evidence, and the court sustained the objection, to which the defendants excepted.

At the Spring Term, 1859, there was verdict and judgment in favor of the plaintiff for $340. Defendants moved for a new trial, which was refused, and they appealed.

*Nowlin & Herring*, for appellant.—The answer of appellants expressly alleged the special contract. No exception was taken to the legal sufficiency of this allegation, and the failure to except was a waiver of the objection, if any in fact existed. (Williams v. Bailes, 9 Tex. R., 63.)

The excluded evidence of Oakes does not vary or contradict the terms of the receipt. It only gives the entire contract, a part only of which is contained in the receipt. (Green. Ev., vol. 1, sec. 284; 13 U. S. Dig., 315, art. 547; 34 Maine R., 554; 18 Mis. R., 474; 4 U. S. Dig., 248, art. 182.)

Upon the hypothesis that appellants were common carriers, they clearly had the right by special contract with the appellee to limit and restrict the extent of their responsibility. (Parsons on Con., vol. 1, 640; Story Bail., sec. 554, *et seq.*; 14 U. S. Dig., 69, art. 45.)

*J. Craik*, for appellee. .

Arnold v. Jones.

BELL, J. We are of the opinion that there is no error in the judgment. The main question upon the trial below was, whether the appellants were common carriers or not. This question was fairly submitted by the court to the jury, under proper instructions concerning the liability of common carriers. There is a great diversity of decision upon questions arising upon this interesting branch of the law, and courts have sometimes been found willing to strain principles for the sake of attaining what has been thought to be the justice of the particular case. But the old rule that the common carrier is answerable for all losses which are not occasioned by the act of God and public enemies, is founded alike in justice and in sound policy, and ought never to be departed from. Chancellor Kent expresses his admiration of "the steady and firm support which the English courts of justice have uniformly and inflexibly given to the salutary rules of law on this subject, without bending to popular sympathies, or yielding to the hardships of a particular case." In the present case, although it is shown that the carriers acted with caution and prudence, it cannot be said that the loss was occasioned by the act of God, or that it might not have been prevented by some possible degree of caution and effort.

We think there was no error in rejecting the testimony of the witness Oakes. It was not offered upon the general question whether the defendants below were common carriers or not; but it was evidently intended to contradict or vary the written contract entered into by the parties. The rule of evidence which required the court to reject such testimony is too familiar for discussion or remark.

The judgment of the court below is affirmed.

Judgment affirmed.