## JAMES BROWNE v. JOHN J. JOHNSON.

Where a demurrer was overruled, but the ruling is not assigned for error, it cannot be noticed further than to see whether there be error which goes to the foundation of the action.

Where a slave was placed in the hands of a party as bailee, to keep safely for pay, and the allegation was that owing to the negligence of the party the negro escaped, whereby he was lost to the plaintiff, to which the plaintiff plead a general denial, and also that he had used due diligence, the issue was whether the slave had escaped through the neglect and want of ordinary diligence upon the part of the bailee, and the burden of proof was upon the bailor.

Where the property was delivered to be kept until demanded, no cause of action could arise until a reasonable demand had been made and there had been a failure to deliver, or until the bailee had converted the negro to his own use, or he had been lost to the owner by the neglect of the bailee.

ERROR from Cameron. The case was tried before Hon. THOMAS J. DEVINE, one of the district judges.

In this case Johnson, the plaintiff below, sued the defendant, Browne, as sheriff of Cameron county, for the value of a certain slave named "Arnold," which he alleges was his property, and was by him delivered to said Browne, sheriff and *ex officio* keeper of the county jail, for safe-keeping in strict custody in said jail, and for which he agreed to pay the legal fees; that said Browne undertook to keep said slave accordingly, but failed to use proper diligence, and permitted said slave to escape, and that said slave was thereby lost; which caused plaintiff damage in the sum of $1,500. Defendant filed a demurrer and general denial, and a special plea, that he had used diligence. The demurrer was overruled. The case was tried at the fall term, 1860, and there were a verdict and judgment in favor of plaintiff for $375. Defendant moved for a new trial, "because the verdict is contrary to the law and evidence; and the court erred in its charge to the jury." The motion was

overruled, and the defendant prosecuted error, and assigned for error that the court erred in its charge to the jury, and in overruling the defendant's motion for a new trial.

The facts were as follows: Francis Reast, a witness for the plaintiff, said: "I was requested by Johnson, the plaintiff, to bring down the negro "Armstead" and put him in charge of Browne, at Brownsville. I brought a note at the same time. I do not remember what it was. I delivered the negro to Browne, at least I put him in Mrs. Young's yard, and Browne took him. This was sometime in the month of August, 1858. I was anxious to get rid of the negro, fearing he would get wind of what we were doing. The negro was not dangerous; he was armed. I cannot say that Browne acted carelessly in taking charge of the negro. I had no money, that I remember, to pay Browne for taking charge of the negro or to offer him. No time was set for the re-delivery of the negro that I know of. I don't know what the negro was worth. I should not like to give more than $500 for him. He was crippled in one hand. Johnson offered to sell the negro to me for a note I held of his of $400, upon which there was an indorsement of $50, leaving a balance of principal and interest due of about $375 or $380."

The third charge of the court was as follows: "It is not necessary for a plaintiff to make proof of all the allegations in his petition." And in the fourth charge the judge said, that "the defendant was sued in his individual capacity only." And in the fifth charge, "that if the jury are satisfied from the evidence that the plaintiff, Johnson, delivered, or caused to be delivered, the negro Arnold into the custody, for safe-keeping, of the defendant, Browne, and that the defendant received the negro for safe-keeping, and that he was the property of Johnson as a slave, and has not been delivered to Johnson, then you will find a verdict in favor of the plaintiff for the value of the negro."

*Israel B. Bigelow* and *F. Cummings*, for plaintiff in error, demonstrated that the facts proved did not sustain the charge of the court or the verdict.

[No brief for the defendant in error has been furnished to the *Reporter.*]

SMITH, J.—Johnson instituted this suit November 2, 1858, to recover the value of the negro, Arnold, alleged to have been placed in the custody and care of Browne, the appellant, sheriff of Cameron county, on the 20th August, 1858, for safe-keeping, until demanded, for such reasonable compensation as was fixed by law; and avers, that the negro escaped from his custody through the negligence and improper conduct of himself and servants, by reason of which the negro is a loss to him.

This suit is not brought upon the official bond of the sheriff, but against him alone, styling him sheriff of Cameron county. There was a general demurrer to the petition, which was overruled by the court; holding, the suit was not against Browne in his official capacity, but his natural. This ruling of the court is not assigned as error, and cannot be noticed here further than to see whether there be any error that goes to the foundation of the cause of action. We have not discovered any of that character.

The evidence tends to the conclusion, that Johnson did place the slave in the custody and charge of Browne for safe-keeping; but there is no evidence to show what became of the negro, or any reason accounting for his non-delivery to Johnson.

The court charged the jury, that if the negro was the property of Johnson, and was placed in the custody of Browne for safe-keeping, and has not been re-delivered to Johnson, they must find for him, unless Browne has shown to their satisfaction that he exercised ordinary prudence in

keeping the slave. The jury found a verdict in favor of the plaintiff below, and this charge of the court is assigned as error.

According to the averments of the petition, Browne received the negro as the bailee of Johnson, and for their joint benefit; that he had permitted the negro to escape, by his neglect, and to the loss of the bailor, Johnson. To this the defendant below plead the general denial. From the pleadings of the parties, the issue was, whether the slave had escaped through the neglect and want of ordinary diligence on the part of Browne. Upon this issue, the burden of the proof was by law placed upon Johnson. (1 Tex., 453, 454.)

Brown received the negro, to be kept until demanded by the bailor, Johnson, and no cause of action could arise until a reasonable demand was made and a failure to re-deliver the negro, or he had converted the slave to his own use, or he had been a loss to the owner by the neglect of the bailee, Browne. (Story on Bail., §§ 107, 120.) The plaintiff below did not aver a demand, but that a loss had been sustained by the neglect of Browne and his servants in permitting the negro to escape. If the negro had died or escaped, so that he could not be re-delivered, the bailee, Browne, would not be held liable, until it be shown by the bailor, Johnson, that the death or escape was caused by the neglect and want of ordinary care on the part of the bailee. The burden of proving these things is upon the plaintiff below. (1 Tex., 443; Story on Bail., § 410; 7 Hemp., 134; 6 Penn., 417.) The charge of the court placed this burden of proof on the bailee, Browne, to show that he had acted with ordinary care and diligence, and that the escape was not by his neglect, which the law presumes until the contrary is shown, and in this ruling we are of opinion there was error, and the judgment is reversed and

REMANDED.