## J. C. HEATON & BRO. v. MORGAN'S LA. & TEX. R. R. & S. S. CO.

(No. 923, Op. Book No. 3, p. 317.)

APPEAL from Victoria County. Opinion by WHITE, P. J.

§ 774. *Common carriers; extent of liability of; cannot limit their common law liability; negligence cannot be excused by contract.* In Arnold v. Jones, 26 Tex. 335, it is said that "the old rule that the common carrier is answerable for all losses which are not occasioned by the act of God or public enemies is founded alike in justice and sound policy, and ought never to be departed from." And where their avocation is plied within the limits of our own state, the statute expressly prohibits their right to restrict or limit their liability as it exists at common law, by any special agreement whatever. [R. S. 278.] In other states, where a different rule obtains, the privilege of limiting their liability by special contract ought not, and does not, extend so far as to include liability for losses attributable to the negligence of the carrier or his servants; and it makes no difference whether the negligence is slight or gross, or whether the terms of the contract include negligence or do not. A contract that one shall not be liable for his own negligence is against public policy. [U. S. Dig. vol. VI (N. S.), pp. 147, 148, § 52; 2 Pars. on Con. (5th ed.) pp. 233, 234.) The attempted limitation of liability in this instance was a stipulation attached to the bill of lading in the following words, viz.: "All liability for damages by rust or breakage, unless caused by bad stowage, is assumed by shippers." The damage complained of by plaintiffs was by breakage. It was impossible for plaintiffs to prove how the damage was done. They could and did prove that the goods were put up in good order for shipment, and should have come safely. The breakage might have been occasioned by bad stowage, and yet how were they to prove it? It might

have been occasioned by the most reckless carelessness, wilfulness, wantonness or negligence of the carriers or their servants or employees, in any other manner than by bad stowage, and they were to be exempted from liability for all such acts. The law cannot tolerate such contracts. They are contrary to public policy, and should be held to be absolutely void.

January 29, 1881.    Reversed and remanded.