If the defendant was entitled under the law to any advantage upon the trial, by reason of this clause of his said contract, whereby he might, either in whole or in part, protect himself against the plaintiff's claim, he might properly set up said clause of the special contract in his defense; and because the defendant was not permitted to do so, the judgment ought to be reversed, and the case remanded.

Adopted by the Court of Appeals.

## SYNOPSIS OF OPINIONS.

[NOTE.—Under this head we will give a syllabus of such opinions of the Supreme Court, Court of Appeals and Commission of Appeals, which we will be unable to report in full.—ED.]

SUPREME COURT, AUSTIN TERM, 1882.

Geo. Pfeuffer vs. Katarina Strempel; appeal from Comal county.—In the absence of assignment of error, the record can only be searched for error in the foundation of the plaintiff's action. [44 Tex. 640.] Under the probate law of 1873 (pages 108-9,) the clerk of the district court had no authority over the permanent administratorship in the event of contest, and the attempted appointment by him was void. When the temporary administrator virtually abandoned the estate, outside interference was permissible, though ordinarily the former's bond was liable, and the district court should have protected the estate until a permanent administrator was appointed. Affirmed.—Watts, J.

H. C. Still vs. Gilbert Jackson; error from the district court of McLennan county.—The exceptions that executors, administrators and guardians cannot testify where judgment may be rendered against them, unless called by the court or opposite party, and of husband and wife not being allowed as witnesses in civil actions, not extended by public policy to a partner speaking as to his interest, or that of any other member in the partnership. Parties desiring to have the action of the court below reviewed, in admitting or rejecting evidence, must send up the proper statement of facts, showing relevancy and importance of errors complained of. [23 Texas, 64.] Affirmed.—Watts, J.

W. A. Ryan vs. Missouri, Kansas and Texas Railroad Com

pany; appeal from Grayson county. Common carriers of goods in this State cannot limit their liability, as at common law, by special agreement in bill of lading, or in any way whatever. R. S., 278. Such statutory limitations applicable only to those which confine their operations entirely within the State. 9 Whitney, 196; 18 Howard, 421. Contracts generally about power of attorney to be determined as to their validity, by the law of the place where made, the modes of proof and forms of action being governed by the law of the place where the suit is brought. Schouler on Bailments, including contracts, 587. If permissible in the State where done, the liability is restricted as to fire, the burden is on the plaintiff to show negligence by the railway company. 29 Texas, 43. Common carrier cannot be restricted from full measure of responsibility attending his occupation without his employer's explicit stipulation; and then even the court must have such stipulation reasonable. 21 Wallace, 246-7. Any device on the part of the carrier to deceive the customer, to the latter's disadvantage, such as printing the usual stipulations in large, and the special restriction in small letters, should be discountenanced. 98 Mass., 249. The consignee being presumptive owner of goods, the shipping agent, in absence of express authority or usage, can only contract with reference to freight, etc., upon basis of common law liability of the carrier; and the acceptance of the bill of lading by the consignor is not sufficient to limit such liability. Reversed and remanded. Watts, J.

L. H. Saunders vs. R. Hart; appeal from Grayson county. When, under the act of August 30, 1856, a surveyor subdivides the university league in 160-acre tracts, in controversy about a previously agreed line, the courts will not assist, unless agreement express, and the surveyor had authority to make such agreement. P. D., 3555. When old line resurveyed for purpose of remarking, full ratification and long acquiescence could only bind owner. Love vs. Barter, 17 Texas, 319. The State is only estopped when the act is done in her sovereign capacity, through the legislature; and she cannot part with her title to land except by grant or other record evidence. 56 Ga., 486. The sovereign power is trustee for the people,

and the latter can always have the truth shown regarding any statement of facts by their agents. 4 N. C., 132. The State holds university lands in trust, and the legal title remains in it until sale, and full compliance of the terms thereof. P. D., 3558. Affirmed. Bonner, J.

John H. Belcher vs. Mulhall & Scaling; appeal from Cook county. Court below ruled correctly in refusing to admit cotemporaneous. parol agreement to contradict or vary written contract. Surrounding circumstances may be given to assist in interpretation, or words can be explained, but the old established principle, founded in reason, must not be disturbed. 28 Texas, 552; Bishop on Conts., 58 ; 12 Wend., 573. As examples of where matters collateral and consistent with, distinct from the contract, can be introduced as evidence; vide. 47 Texas, 54. There was error in hearing oral testimony as to a claim for damages on a separate verbal agreement not embodied in the instrument itself. Reversed and remanded. Stayton, J.

H. M. Schuster vs. J. B. La Lande. Registration of title bond to convey previously, certain premises to another by defendant in execution, is constructive notice to purchaser at execution sale of the face of said bond to the effect that if the third party had paid the consideration he was the real owner of such premises, and the validity of the title bond was not destroyed by the fact that the true consideration was much less, or entirely different from that recited. The aforesiad purchaser was certainly bound to inquire whether the third party had complied with his contract. The objection to a verdict that a juror was not a freeholder came too late. Affirmed. Gould, C. J.

John H. Price vs. Slayton. To enjoin road overseer from opening a certain public road, by order of commissioners' court, plaintiff must prove that the road was on his land, and the court below did not err in holding that he failed to establish his boundary, when the evidence showed that the description rendered certain lines hopelessly obscure. The court reviews at length testimony as to certain identifications of the tract in question. When suit is brought in individual capacity, on the ground that the road was being opened on plaintiff's land,

having sold the same as executor, any right which intestate's heirs or plaintiff may have had, had, by that sale been divested. Affirmed. Gould, J.

Travis Henderson, et al. vs. R. D. Querly, et al. Suit of trespass to try title. Defendant replevied sequestered premises, and a third party rented portion of a lot to erect a movable building on, from the latter; privilege being given said party of removing the same at pleasure. Judgment rendered against defendant, and injunction vs. third party from moving dissolved, and damage awarded him on cross-bill for conversion of house. Held, that defendant as above, making improvements pending suit, does so at his peril, no matter what may have been his intention in regard to their removal. By replevying he is simply able to retain possession, notwithstanding the sequestration; and his right to hold and improve are no greater than they were before sequestration, but after suit. Hence, having himself no right to remove fixtures wrongfully annexed by him to land, and thereafter suit brought, he could not, by contract, give such right to a third party, having notice of pending suit. Ewell on Fixtures, p. 41; Huebschmann vs. McHenry, 29 Wis., 655. Judgment dissolving injunction and in favor of third party, reversed, and judgment rendered for appellant perpetuating injunction, and for costs. Gould, C. J.

H. D. Brooks and wife vs. R. K. Chatham; appeal from Cooke county.—Defendant below purchased a tract of twenty acres of wood land, to appropriate latterly as a homestead in connection with his prairie farm, less than ten miles distant, upon which he then lived, and subsequent to levy of attachment by plaintiff, but before aware of its existence, defendant began use of the woodland, in conformity with intention of purchase. Held, that if the tracts had been contiguous and not exceeding the maximum designated by the constitution for a rural homestead, the land in controversy would have been part of the homestead, by virtue of common use and ownership. [31 Texas, 451.] But when the lands are separated, there must be such an act or use as will amount to a designation of homestead of the subsequently acquired parcel as fully as the original; and it has been well settled by this court that a mere ownership coupled with an intention is not sufficient. [44 Texas, 605.] The attachment having been levied before designation as homestead, such appropriation as such cannot work exemption. [51 Texas, 559.] When the wife answers, she is in court as fully as though served; and a sustaining of a demurrer to her answer does not deprive the court of jurisdiction over her person. Affirmed.—Stayton, J.