### TEX. & PACIF. R. R. Co. v. SINIA F. MORSE.

(No. 2620, Op. Book No. 4, p. —.)

APPEAL from Lamar County. Opinion by WILLSON, J.

§ 411. *Railroad company; liability of, whether as common carrier or warehouseman.* Mrs. Morse had some

boxes of goods which she wished shipped by rail to Angelica, N. Y., where she then was. The railroad agent refused to ship the goods until the freight was prepaid. Mrs. Morse's agent left the goods in the warehouse of the railroad until he could write to Angelica and obtain the necessary funds to pay freight. The warehouse caught fire, and together with all its contents, including these goods, was wholly destroyed. Mrs. Morse sued for the value of the goods, charging appellant as a common carrier. Appellant pleaded specially that the goods were left in his depot, not for immediate shipment, but to give agent of appellee time to obtain money to prepay the charges, and that the warehouse and goods were burnt without any fault or negligence on part of appellant. It was objected to the judgment that plaintiff sued defendant as a common carrier; the evidence showed his liability, if any, to be that of warehouseman, and therefore did not sustain the cause of action. *Held*, that the objection was not tenable, because appellant's special answer in confession and avoidance presented the issue of its liability as warehouseman, and by supplemental petition this issue was accepted by appellee; and this action accomplished the same purpose as though appellant's liability as warehouseman had been presented in the original petition.

Our statute provides that "railroad companies and other common carriers, having depots or warehouses for storing goods, shall be liable as warehousemen are at common law for goods, and the care of the same, stored in such depots or warehouses before the commencement of the trip or voyage on which the goods are to be transported; but shall be liable as common carriers from the commencement of the trip or voyage until the goods are delivered to the consignee at the point of destination." [Rev. Stats. art. 281.] Under provisions of this statute there can be no question but appellant's liability on the facts in evidence, if liable at all, must be measured and

determined by the rules of the common law applicable to warehousemen.

§ **412.** *Difference between common carrier and warehouseman; one an insurer, the other not.* A common carrier is an insurer, and is responsible for all losses of goods intrusted to him, except such as are occasioned by the act of God or the public enemy. [Arnold v. Jones, 26 Tex. 335; Albright v. Penn, 14 Tex. 298; Edwards on Bailments, sec. 532 et seq.] A warehouseman is not an insurer. He is only bound for the exercise of ordinary diligence, or that care which prudent persons usually take of their own property. Using due diligence, that is, such care as prudent men exercise in relation to their own, he is not responsible for goods stolen or embezzled by his store-keeper or servant, or for losses caused by fire or accident. [Edwards on Bailments, sec. 333.]

This liability is not affected one way or the other by the fact as to whether the storage in the warehouse was for pay or is gratuitous. The effect of our statute is to make railroad companies and other common carriers having depots or other warehouses for storing goods *ipso facto* warehousemen, regardless of whether or not they charge for storage of goods. Being warehousemen, their liability is ascertained by applying the rules of the common law.

§ **413.** *Error in charge; when reversible.* Where the evidence showed that the liability of defendant, if at all, was only that of warehouseman, the charge of the court to the jury should have confined the liability to that issue. This, however, the court failed to do, but also, as well, instructed upon the law governing the liability of common carriers. This was error, but not reversible error. It is not every erroneous instruction that will authorize a reversal of the judgment. The mere fact that a charge embraces matter not strictly applicable to the evidence has never been held sufficient to authorize a reversal. The irrelevant matter must have a manifest

tendency to distract and divert the attention of the jury from the true issue; and there must be cause to apprehend that they have been misled thereby to the prejudice of the party complaining. . . . It is the constant language of the courts that they will not reverse on account of an erroneous instruction which is a mere abstraction, and cannot be supposed to have influenced the decision upon the merits. It is, in general, only when the error is in matter which is material that it will work a reversal of the judgment. [Mills v. Ash, 16 Tex. 304.]

§ 414. *Burden of proof in actions against warehousemen.* In actions against warehousemen, as against other bailees, the *onus* of proof rests with the party holding the affirmative on the pleadings. The plaintiff must prove the fact where his right to recover is based upon an allegation of loss through the defendant's negligence; he must sustain his action by such proof as the circumstances naturally call for. Negligence is a wrong and not to be presumed. [Edwards on Bailments, sec. 354; Browne v. Johnson, 29 Tex. 40.] Where the proof shows a total default in delivering the goods, or a failure to account for their non-delivery, a *prima facie* case of negligence is made out, and the burden of proof is then shifted to the defendant to rebut this *prima facie* negligence by evidence that the loss did not happen in consequence of his neglect to use all that care and diligence that a prudent or careful man would exercise in relation to his own property. [Scmidt v. Blood, 9 Wend. 268; Steers v. Liv. N. Y. & P. Sts. Co. 57 N. Y. 1; Fairfax v. R. R. Co. 67 N. Y. 11.] In this case the loss of the goods was accounted for when demanded, by appellants showing they had been destroyed by fire, and the burden was upon the plaintiff to show that the fire was the result of want of ordinary care on part of defendant or its employees. [Harris v. Packwood, 3 Taunt. 264; Beardslee v. Richardson, 11 Wend. 26; Lamb v. R. R. Co. 46 N. Y. 271; Jackson v. R. R. Co. 23 Cal. 269; Madau v. Covet,

45 N. Y. (Sup. Ct.) 245; Browne v. Johnson, 29 Tex. 43; Wilson v. R. R. Co. 9 Am. & Eng. R. R. Cases, 161.]

April 25, 1883.  Reversed and remanded.