FT. WORTH & D. C. RY. CO. v. JORDAN
et al.

(Court of Civil Appeals of Texas. Amarillo. March 15, 1913. Rehearing Denied April 5, 1913.)

1. CARRIERS (§ 205*) — TRANSPORTATION OF ANIMALS—CARRIER'S LIABILITY.

Under the statutes of Texas, a carrier is bound to receive and transport live animals as other property, and is liable as an insurer for any loss not arising from act of God, the public enemy,' the act of the owner, vicious propensities, or inherent character of the animals

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 918, 920, 923; Dec. Dig. § 205.*]

2. CARRIERS (§ 230*) — TRANSPORTATION OF ANIMALS—VERDICT.

Where plaintiff sued two railroad companies for killing a horse and injury to certain furniture in transportation, and defendant D. Company pleaded that the injury was due to the negligence of its codefendant, the B. Company, and prayed for recovery over against the latter for the amount of any recovery against it by plaintiff, the evidence being conflicting as to which company caused the damage, and plaintiff being entitled to recover against both without proof of negligence, a verdict for plaintiff against the D. Company only for $179 and in favor of the latter against the B. Company for only $50 was not erroneous.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 961, 962; Dec. Dig. § 230.*]

3. CARRIERS (§ 229*)—INJURY TO ANIMALS—DAMAGES—MEDICAL TREATMENT—REMOVAL OF CARCASS.

Where plaintiff delivered to a carrier certain horses and other personal property to be transported to C., and during the trip one of the horses was so injured that he could not stand, and had to be hauled from the car at destination where he was given medical treatment, and soon after died, plaintiff was entitled to recover the expense of treating the horse and also the amount paid to the city scavenger for hauling off the carcass as a part of the damage sustained.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 930, 963, 964; Dec. Dig. § 229.*]

Appeal from Childress County Court; W. G. Gross, Judge.

Action by L. F. Jordan against the Ft. Worth & Denver City Railway Company and another. Judgment for plaintiff, and the defendant named appeals. Affirmed.

Fires & Diggs, of Childress, for appellant. M. J. Hathaway and J. H. Peden, both of Childress, for appellee Jordan. Capps, Cantey, Hanger & Short and Wm. L. Evans, all of Ft. Worth, for appellee Ft. Worth Belt Ry. Co.

HUFF, C. J. This action was brought by appellee L. F. Jordan against the Ft. Worth & Denver City Railway Company and the Ft. Worth Belt Railway Company for damages alleged to have been sustained by reason of the killing of one horse, of the value of $150, and injury to a piano, $25, and for $1 for medicine for treating the horse, and $3 to city scavenger for removing the carcass of the horse.

The appellee Jordan alleged that about December 1, 1911, he delivered to the Ft. Worth & Denver City Railway Company a certain car, to be transported from Ft. Worth to Childress, Tex., in which car he had loaded nine head of horses and mules, besides household goods, including one piano, and while the car was on the track and in the possession of the defendant Ft. Worth & Denver City Railway Company at Ft. Worth, Tex., its agents and employés, and the agents and employés of the said Ft. Worth Belt Railway Company, carelessly and negligently caused other cars on the track to be violently driven against the car in which plaintiff's said property was loaded with such great force that one of plaintiff's said horses was knocked down, and so seriously injured that it died from the injuries soon after arriving at Childress, Tex., and that in the collision other furniture and property in said car was driven against the plaintiff's said piano in the car, and that it was seriously broken and damaged. The appellant, the Ft. Worth & Denver City Railway Company, answered by general denial and that if any injury was done the property, as alleged, it was caused by the negligence of the appellee the Ft. Worth Belt Railway Company, and asked for judgment over against appellee Ft. Worth Belt Railway Company for any sum rendered against appellant railway company. The appellee the Ft. Worth Belt Railway Company answered by general denial, not guilty, and other pleas not necessary to set out. The suit was originally instituted in the justice court, and appealed from that court to the county court of Childress county, where verdict and judgment were rendered in favor of appellee Jordan against appellant, the Ft. Worth & Denver City Railway Company, for the full sum of $179, and in favor of the appellant, Ft. Worth & Denver City Railway Company, against the appellee the Ft. Worth Belt Railway Company for the sum of $50, from which judgment the Ft. Worth & Denver City Railway Company appeals.

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

[1] It is urged by appellant in its fifth assignment that the court erred in authorizing a recovery against the appellant in favor of Jordan if the property was in its possession when damaged, regardless of whether it was caused by negligence on the part of either corporation. Under the laws of this state, appellant was a common carrier, and as such its liability is measured by the rules of the common law. In the case of Railway Co. v. Trawick, 68 Tex. 314, 317, 4 S. W. 567, 569 (2 Am. St. Rep. 494), the Supreme Court said: "Under the statutes of this state, a railway company must receive and transport live animals as other property, and after receiving it becomes an insurer of them as in the case of other property, which it is bound to transport against loss from any cause, except the act of God or the public enemy, the act of the owner, vicious propensities or inherent character, or, as it is sometimes termed, the 'proper vice' of the animals." Railway Co. v. Harris, 67 Tex. 166, 2 S. W. 574; Railway Co. v. Turner, 37 S. W. 643; Railway Co. v. Levi (Sup.) 12 S. W. 677; Railway Co. v. Russell, 40 Tex. Civ. App. 114, 88 S. W. 379; Railway Co. v. Rosebrook-Josey Grain Co., 52 Tex. Civ. App. 156, 114 S. W. 442; Railway Co. v. Blanton, 63 Tex. 112; Railway Co. v. Gray, 24 S. W. 921; Railway Co. v. Zimmerman, 81 Tex. 605, 17 S. W. 239; Railway Co. v. Hall, 64 Tex. 615; Railway Co. v. Ball, 80 Tex. 602, 16 S. W. 441; Railway Co. v. Fagan, 72 Tex. 127, 9 S. W. 749, 2 L. R. A. 75, 13 Am. St. Rep. 776. In this case it is shown that the appellant had received the car containing the horse and piano from the Ft. Worth Belt Railway Company, and receipted therefor, and had executed to appellee Jordan a bill of lading thereon, and that while on its track and under its care and in its possession the damage occurred. This does not appear to have been a controverted fact. There is no allegation or proof that the injury was caused from the proper vice of the animals, or any other act which would relieve the appellant from liability for injury to the property while under its charge. Hence, under the law and the facts as shown in this case, there was no error in the charge of which complaint is made.

[2] In the third assignment, it is asserted that the jury could not lawfully render the verdict it did under the court's charge, wherein the jury was instructed to find for appellee against the Ft. Worth Belt Railway Company, if it was guilty of negligence in causing the damage; and the fourth assignment complains of the verdict because the jury must have found it was the negligence of the Ft. Worth Belt Railway Company that caused the injury, and only found $50 in favor of appellant against the appellee Belt Company, instead of the full amount of damages, $179. As seen, the jury could have found the appellant responsible under its common-law liability as a common carrier without finding any act of negligence against either of the defendants. Under the common law, where loss is not due to one of the excepted causes, such as the act of God or the proper vice of the animal, proof of negligence is immaterial, and the carrier cannot escape liability by proving reasonable care and diligence. 6 Cyc. p. 376; Arnold v. Jones, 26 Tex. 335, 82 Am. Dec. 617; Agnew v. Steamer Contra Costa, 27 Cal. 425, 87 Am. Dec. 87. It does not follow because the jury returned a verdict for appellee Jordan against appellant that it necessarily found negligence against any one, but its verdict is entirely consistent with the charge of the court, wherein they were instructed if appellant had charge of the goods under the contract of shipment, and the same were damaged, they could find against appellant whether there was negligence proven against either defendant.

The first and second assignments are to the effect that the undisputed evidence shows that the Ft. Worth Belt Railway Company caused the injury, and that it was its active negligence which produced the injury. In this we cannot agree with appellant. The evidence is sharply conflicting as to who caused the cars to be propelled against the car in which Jordan's goods were loaded. The employés of the Belt Railway Company deny that they so caused the cars to bump against that car. There are a great many facts and circumstances in evidence from which the jury could have reasonably inferred that it was not the act of the Ft. Worth Belt Railway Company that caused the damage. If they had found that the Ft. Worth Belt Company was negligent, they, under the charge of the court, would have found in favor of appellee Jordan against said company. Having found nothing against such company in his favor, they must therefore have found it not guilty of negligence, and hence appellant was entitled to nothing over against that company. The fact that they, under such circumstances, gave appellant a verdict for $50 over against the Belt Railway Company, is not a matter of which appellant can complain. It was not injured thereby. If the Belt Company was complaining here, then a different question might arise. The charge of the court instructed the jury to find for appellant against the Ft. Worth Belt Railway Company only such damages as it might have caused. The jury may have, under the evidence before them, apportioned the damage thus charged. It would be a useless consumption of time to demonstrate or speculate just how they did so. As the case comes before us, we cannot say under the charge of the court and the testimony and under the verdict of the jury as rendered that injury is shown appellant.

The sixth assignment is overruled. We do not think the charge was calculated under the issues presented to give undue prom-

inence to the fact that negligence or liability must be shown by a preponderance of the evidence.

[3] In the seventh assignment it is urged the court was in error in submitting to the jury the two items of damages, one for medicine for treatment of the horse, $1, and $3 for moving the carcass of the horse. The first item it would appear under the decisions of our courts is a proper one. It is the duty of the owner to make an effort to diminish his loss; and, if reasonable and necessary expenses are incurred in so doing, we see no reason why he could not recover the same. Railway Co. v. Tuckett, 25 S. W. 670; Railway Co. v. Keith, 74 Tex. 287, 11 S. W. 1117; Railway Co. v. Philips, 63 Tex. 593. The other item for $3, paid to the city scavenger for hauling off the animal, is urged should not be allowed as damages in the case. The injury from which the animal died was received on the voyage from Ft. Worth to Childress. The animal was unloaded at Childress, and died the next day after unloading within the corporate limits. It could not stand up while in the car, and was removed therefrom by means of a block and tackle, and was able to walk but a short distance. In cases of tort the rule is that the wrongdoer shall be answerable for all injurious consequences. The injury to the animal was the wrong done appellee, and the consequences was the death of the animal in the corporate limits of Childress. Such consequences, we think, might reasonably be supposed to have been foreseen. We do not think the damages so sustained too remote for recovery in this case. Western Union Telegraph Co. v. Hamilton, 36 Tex. Civ. App. 300, 81 S. W. 1053; Buffalo B. S. C. Co. v. Milby, 63 Tex. 492, 51 Am. Rep. 668; O'Neil v. Davis, 1 White & W. Civ. Cas. Ct. App. § 415.

We find no such errors as require a reversal of the case, and the judgment of the trial court is therefore affirmed.