No. 21,872.

MAX J. KENNEDY and S. J. HESS, *Appellees,* v. THE ATCHISON, TOPEKA & SANTA FE RAILWAY COMPANY, *Appellant.*

OPINION ALLOWING MOTION TO AMEND MANDATE.

SYLLABUS BY THE COURT.

1. SHIPMENT OF LIVE STOCK—*Contract Limiting Carrier's Liability—Injury to Stock—Elements of Damages Recoverable.* In an action against a carrier for damages on account of injury to an animal in transit, where delivery was made at the point of destination, the plaintiff cannot recover for freight charges paid, although the animal was so injured as to be entirely worthless, and the amount of recovery was limited by the value stated in the bill of lading.

2. SAME. Where an animal has been killed or rendered entirely worthless by such injury, a recovery may sometimes be had in excess of its value by reason of money spent in an unsuccessful, but reasonable, effort to restore it to usefulness, but this can be true only of expenditures made in a just expectation of reducing the carrier's liability by the amount expended; and where the recovery is based upon the valuation placed on the animal in the shipping contract, the expectation must be that the recoverable damages will be reduced below that amount.

Appeal from Wilson district court; SHELBY C. BROWN, judge. Opinion allowing motion to amend mandate filed May 10, 1919. (For original opinion of reversal see *ante*, p. 129, 179 Pac. 314; for opinion denying a rehearing see *ante*, page 368.)

*William R. Smith, Owen J. Wood,* and *Alfred A. Scott,* all of Topeka, for the appellant.

*H. P. Farrelly, T. R. Evans,* both of Chanute; and *J. T. Cooper,* of Fredonia, for the appellees.

The opinion of the court was delivered by

MASON, J.: In this case it was held that because the value of three horses shipped by rail was stated in the bill of lading to be $150 each, the shipper was precluded from asserting that they were worth more than that in an action for damages on account of their being injured in transit. In reversing the judgment the direction was given "to deduct therefrom all that was allowed in excess of $450 on account of the injury to the horses." A difference of opinion has arisen between the parties as to whether or not certain items of the amount recovered are to be regarded as having been allowed "on account of the injury to the horses," within the meaning of the phrase as used in the opinion and mandate. The defendant has filed a motion, upon which counsel have been heard, asking that the language be made more definite, so that a further appeal may be avoided. The broad question argued and determined on the appeal was whether the plaintiff's recovery was limited by the value stated in the bill of lading; and having decided this in the affirmative, the court overlooked the fact that there was room for a difference of opinion as to the exact effect the decision should have on the various items entering into the amount allowed by the trial court—a matter which was fairly involved, although it had not been specifically discussed. The mandate ought not to remain in such form as to give occasion for controversy as to its meaning, and will be made definite, in accordance with the defendant's request.

The district court awarded the plaintiff $4,600 on account of the diminution in the value of the horses resulting from

their injuries. This, of course, should be reduced to $450. An allowance of $26.50 was made for injury to other property, and is not affected by the reversal. The items over which the present dispute has arisen are: for freight paid, $33.94; for the services of a veterinary, medicine and treatment of horses, $48; and for the expense of caring for the horses for a period of about two months following the accident, $237.50.

1. The court is of the opinion (which the writer does not share) that the plaintiff was not entitled to any recovery on account of what he paid for the transportation, since the service was actually performed, although the value of two of the animals was found to have been entirely destroyed, and that of the third reduced to $100.

2. The defendant maintained that nothing should be allowed on account of the services of a veterinary, or other treatment of the horses, because the fixing of their value at $150 each in the shipping contract made that amount the absolute limit of the plaintiff's recovery by reason of any injury to them. The stipulation did not, in so many words, restrict the plaintiff's right of recovery to any specific sum. It merely stated a value which fixed the freight charges, thereby estopping him to assert that the horses were worth more than $150 each. The question presented therefore is this: Can he recover, by reason of the injury to them, more than their full value? The rule as commonly formulated seems to preclude this, although the usual statement may be affected by the fact that a reference to compensation for loss of the use of the property is included. (2 Thompson's Commentaries on the Law of Negligence, § 2211; Note, 5 Ann. Cas. 416, foot of first column.) If expenditures made in an effort to restore to usefulness an injured animal are to be charged against the person whose negligence caused the injury, on the ground that he has been benefited by them through a reduction of damages, it is obvious that the total recovery should not exceed the value of the animal; but if the plaintiff may recover for money spent in an honest, but unsuccessful, effort to improve the condition of his injured animal, not because the defendant actually derives any benefit therefrom, but because the expenditure was made in good faith in hopes of such an effect, then an allowance on that account would seem permissible,

even although it resulted in a recovery in excess of the full value of the animal. And the courts which have directly passed upon the question have taken that view, holding that where death results the owner may recover, in addition to the full value of the animal, whatever he has expended in a reasonable effort to save it. (1 R. C. L. 1195; Note, 5 Ann. Cas. 416, second column; *Ft. Worth & D. C. Ry. Co. v. Jordan,* 155 S. W. 676 [Tex Civ. App.].) But while such an expenditure, to be chargeable against the defendant, need not have actually inured to his benefit, it must have been incurred in a reasonable effort to accomplish a result that would have that effect. Here no expenses for the care of any of the injured animals can be charged against the defendant, unless they were made in the reasonable expectation, not merely of improving the condition of the horse, but of improving it so much that the impairment in its value would be less than $150, since otherwise the defendant would have no concern in the matter. The allowances made by the trial court were obviously based on the full value of the horses, and cannot be permitted to stand, in view of the $150 limitation. It seems improbable that the plaintiff would wish to undertake to show that any part of the expense of the care of the horses was justified by a reasonable belief that the amount for which the defendant was liable could thereby be reduced below $150 each, but if he shall so desire, the opportunity will be offered. The judgment will be reduced to $476.50, and if the plaintiff shall so elect, a new trial may be had upon the single issue whether he shall also recover a further judgment for expenditures incurred in caring for the horses, under the test just laid down.

MASON, J. (dissenting in part): The general rule is well settled that where animals are killed or property is lost in transit, in an action against the carrier the measure of damage is the market value at the point of destination, less the freight, if it has not been paid; no recovery being allowed for freight, if it has been paid. I understand that the basis of this rule is the theory that the amount of the freight charged is deemed to enter into the valuation at destination, so that if the owner were allowed freight as such he would recover it

twice. (Merriam, Claims between Shippers and Carriers, §§ 568, 569.) Here two of the horses were found· to have been so injured as to become entirely worthless, and the amount of the recovery is not the value of the horses at destination, but the. agreed value at the point of shipment. The plaintiff, as to these animals, gained no benefit from the transportation, and as the freight did not enter into the amount he recovered, I think he should be reimbursed on account thereof.

JOHNSTON, C. J., joins in the partial dissent.