No. 23,792.

UHRICH MILL WORK COMPANY, Limited, a Copartnership, Appellees,
v. MISSOURI PACIFIC RAILROAD COMPANY, Apellant.

SYLLABUS BY THE COURT.

1. DAMAGES—*Delay in Shipment of Goods—Defense Claimed Not Raised by Pleadings*. In an action for damages for delay in the shipment of goods, plaintiff's introduction of a letter from defendant's claim agent which stated that the delay was caused by congestion of traffic in war materials for which the carrier was not liable did not render the plaintiff's evidence subject to demurrer when no such defense was raised by the pleadings.

2. SAME—*Delay in Transportation of Goods—Measure of Damages*. While the ordinary rule for the measure of damages for delay in the carriage of goods is the difference between the value of the goods at the time and place of delivery and the time and place when they are delivered, yet when the value of the goods where they are manufactured is shown, and when it is also shown that such goods were shipped all over the country from the point of manufacture, it is a fair deduction that the goods are at least of the same value at the point of destination, and the plaintiff's damages may be ascertained therefrom.

3. SAME. Where goods of special design are delayed in shipment so that the consignee has to supply his wants elsewhere, and the goods are consequently rendered worthless and cannot be sold for any price, damages for the full value of the goods may be properly. awarded.

4. SAME—*Carrier Entitled to Freight Charges*. The carrier is entitled to its freight charges, notwithstanding a delay in shipment and its liability for such delay.

5. SAME—*Instructions Not Prejudicial*. An incorrect instruction as to the correct method of computing damages noted, but held that in this case it wrought no prejudice to defendant.

Appeal from Montgomery district court; JOSEPH W. HOLDREN, *judge*. Opinion filed February 10, 1923. Modified.

*W. P. Waggener, O. P. May*, both of Atchison, and *S. H. Piper*, of Independence, for the appellant. ⊙

*W. N. Banks, O. L. O'Brien, Walter L. McVey*, and *Jay W. Scovel*, all of Independence, for the appellees.

The opinion of the court was delivered by

DAWSON, J.: The plaintiff brought this action for delay in transportation of certain goods.

The plaintiff is a manufacturer of revolving storm doors. Its. factory is at Independence, Kan. On November 27, 1917, it shipped an odd-sized revolving storm door to a firm in Philadel-

Mill Work Co. v. Railroad Co.

phia. The door was delayed in transit and did not arrive at destination until April 22, 1918, by which time the consignee had necessarily procured another door.

The plaintiff's evidence showed that the door was worth $385 at Independence. It was also shown that owing to its odd size and the winter season being over when it arrived at destination it could not be sold. Plaintiff paid the freight charges, $14.03, and caused it to be stored in Philadelphia.

Judgment was entered for plaintiff for $399.03—being the value of the door plus the freight charges; and defendant appeals.

The first error urged relates to the overruling of defendant's demurrer to plaintiff's evidence. Among the exhibits introduced by plaintiff were certain letters written by defendant's claim agent to plaintiff, in which it was stated that the delay was caused by the embargo on general shipments incident to the transportation of war supplies and that it was impossible to get this shipment transported beyond St. Louis. But the defendant's answer pleaded neither defense nor excuse based upon this embargo or wartime congestion of traffic; and this self-serving and unsworn declaration of the claim agent hardly amounted to evidence of any sort, certainly not evidence on an issue not raised by the pleadings. It is argued that the court should take judicial notice of the embargo. We do not take judicial notice of the statute of limitations, of an Act of God, nor of several other perfectly good defenses. They must be specially pleaded (10 C. J. 299; 4 R. C. L. 917, 918). Judicial notice often supplies a want of other evidence; it does not supply an issue where none is raised.

Of somewhat greater merit is the defendant's contention that the evidence was insufficient to sustain the amount of damages awarded. The plaintiff's managing officer testified that the door was worth $385, and that the plaintiff tried to sell it in Philadelphia, but "No one wanted it. It was an odd-sized door." Defendant argues that this evidence did not conform to the general rule that damages for delay are measured by the difference between the value of the goods at the time and place of delivery and their value at the time and place when they are delivered. Such is the general rule. (*Anderson v. Railway Co.*, 107 Kan. 537, 192 Pac. 755.) In the early case of *Galena and Chicago Union R. R. Co. v. Rae, et al.*, 18 Ill. 488, it was said:

"If the grain shipped was not delivered in Chicago in reasonable time for any

fault of the company, the measure of damages is the difference in the value of the grain at Chicago, when it was in fact delivered, and when it should have been, in the usual course of transportation, delivered there." (p. 491. See, also, 10 C. J. 307; 4 R. C. L. 931.)

Here the evidence only disclosed the value of the door at Independence, not at destination. But since Independence was the point of manufacture, and the testimony showed that the plaintiff shipped its doors all over the country, it is a fair deduction that the door would have been worth as much at Philadelphia, if it had been transported with reasonable despatch, as it was at Independence, the point of manufacture.

An argument is also made that the defendant could not be held liable for the total value of the door since it was not apprised that it was odd-sized, and that it would be valueless for use elsewhere than in the building for which it was ordered. The court is not impressed with that argument. Shipment of goods of special design, and of no value whatever except for a special purpose, is an everyday occurrence (10 C. J. 308, 311), and no rule of the defendent is cited requiring such particularity of detail to be furnished by the shipper.

One item of damages, the freight charges, was erroneously allowed. The railway company cannot be required to respond in damages for the full value of the door and give up its freight charges also. (*Kennedy v. Railway Co.*, 104 Kan. 708, 181 Pac. 117; 10 C. J. 314; 4 R. C. L. 931, 932.) That would make the plaintiff $14.03 better off because of the delay in transportation than it would have been if the door had been transported with promptness and despatch.

In one of the court's instructions it did misstate the measure of damages. It declared the measure of damages to be based upon the contract price of the door, although the court had already excluded the testimony relating to the contract price. However, since the contract price was exactly the same as the value testified to, $385, and there was no evidence to the contrary, we do not consider this error more than a mere *lapsus linguæ*, of no importance to this particular case. We note that notwithstanding defendant's liability for the full value of the door, the plaintiff is permitted to retain it. Under a judgment for its value, the defendant would be entitled to the door, but this point is not urged.

The item of $14.03 for freight charges will be deducted from the amount of the judgment; and thus modified, the judgment will be affirmed.