MARY E. FOSS *vs.* MAURICE E. McRAE et al., Executors.

Washington.    Opinion February 16, 1909.

*Evidence.    "Burden of Evidence."    "Burden of Proof."*

While the burden of evidence may be said to have shifted from a plaintiff
to the defendant when the plaintiff has made out a prima facie case, and
from the defendant to the plaintiff again when the defendant's evidence
has overcome the prima facie case of the plaintiff, yet the burden of proof
has not changed at all, but it is incumbent upon the plaintiff, in the end,
upon all the evidence, however it may have shifted from one side to the
other, to establish the truth of the allegation upon which he seeks to
recover.

Burden of proof" and "burden of evidence" are often confused.    The phrase
"burden of proof," is in fact more philosophical than practical.    It means
generally that a plaintiff, however often the evidence shifts, must upon the
whole, persuade the jury, by legal evidence, that his contention is right.
The risk of non-persuasion is all the time upon him.    If he fails to persuade,
he loses his case.    The risk of non-persuasion is the burden which he must
assume.

The plaintiff brought an action on a certain written instrument purporting to
be a guaranty by the defendants' testator of the payment of certain
promissory notes transferred by him to the plaintiff.    The defendants gave
written notice to the plaintiff of their denial of the execution of the instru-
ment.    At the trial, a subscribing witness to the instrument testified that
at the time of the execution and delivery of the instrument it did not con-
tain the last four words "And will guarantee them."    There was also
evidence upon both sides of this issue.    The plaintiff contended that upon
this issue the burden of proof was on the defendants but the presiding
Justice instructed the jury otherwise.    *Held:*  That the instructions were
correct.

On exceptions by plaintiff.    Overruled.

Action on an alleged guaranty by the defendants' testator of the
payment of some fifty overdue promissory notes transferred by him
to the plaintiff.    The notes were given by the various promissors to
Walter H. Foss, the husband of the plaintiff, and had been by him
transferred to the defendants' testator, and later transferred by him
to the plaintiff in settlement of matters between them.    The record
does not disclose the plea nor for whom was the verdict, but presum-

ably the plea was the general issue and that the verdict was for the defendants.    During the trial, the plaintiff excepted to certain rulings of the presiding Justice.

The case is stated in the opinion.

*R. J. McGarrigle*, for plaintiff.

*John F. Lynch*, and *H. H. Gray*, for defendants.

SITTING:    WHITEHOUSE, SAVAGE, SPEAR, KING, BIRD, JJ.

SPEAR, J.    This case comes up on exceptions to instructions given by the presiding Justice to the jury.    The case does not show but, inasmuch as the exceptions are by the plaintiff, we assume that the verdict was for the defendant.

The case involved an action on the alleged guaranty by the defendant's testator of the payment of certain over-due promissory notes transferred by him to the plaintiff.    To sustain her allegations the plaintiff offered in evidence a typewritten instrument bearing the signature of the defendant's testator of the following tenor.

"Machias, Maine, April 11, 1907.

This is to certify that I have this day in a settlement of business transacted with Mary E. Foss, conveyed and sold to her a lot of notes for which I have received payment in full.    And will guarantee them.

(Signed)  Asa T. McRae.    (Witness)  M. E. McRae."

The defendants had seasonably given written notice to the plaintiff of their denial of the execution of this instrument, and at the trial, the subscribing witness, who was one of the defendant's executors, testified that at the time of the execution and delivery of the instrument it did not contain the last four words "And will guarantee them."    There was also evidence upon both sides of this issue.

The plaintiff contended that upon this issue the burden of proof was upon the defendants, but the presiding Justice instructed the jury as follows, viz:

"So the question is narrowed right down to this:    Were those words, the final four words in this paper, written on there when Mr. Asa T. McRae signed that paper?    And the burden is upon

the plaintiff, Mrs. Foss, or her agents, who conduct the suit, to convince you by evidence that in fact and in truth those words were upon that paper when signed by Asa T. McRae; and has she done so? She claims that she has, and she first relies upon the circumstances that the words are found to be on the paper now. That is prima facie evidence that they were there when it was signed, but only prima facie. By prima facie we mean that, if nothing more appeared, if that was all there was, just the paper itself, with no contradiction, it would be taken as sufficient evidence that they were there when signed; but, it appearing that it is disputed that they were there, and there being some evidence to the contrary, the burden is still upon the plaintiff throughout to convince you by evidence that, upon the whole, you believe the words were there when signed."

The instructions were correct. The plaintiff under the notice and rule was required to prove the execution of the instrument upon which she sought to recover. To accomplish this, the subscribing witness was put upon the stand. His evidence clearly developed the real issue in the case. When he had testified to the execution of the paper, as we presume he did under the notice, the plaintiff had established a prima facie case, as the words in dispute appeared upon the face of the paper whose execution had been proven. Had the case stopped here the plaintiff would have been entitled to recover. This is precisely what the presiding Justice instructed the jury at this stage of the proceedings. But the case did not stop here. The very witness the plaintiff relied upon to prove execution, testified that the disputed words,—the substance of the plaintiff's case,—were not upon the instrument when he witnessed the defendant's signature. Again, it is apparent, if the case had stopped at this point, the defendant would have been entitled to the verdict, as the testimony of the witness, showing a material alteration, is undisputed and must therefore prevail. Hence, it follows that it was incumbent upon the plaintiff, to entitle her to recover, to proceed further and introduce evidence tending to overcome the testimony of the attesting witness. The issue of alteration now having been raised, it became her duty to assume the burden

upon all the evidence of persuading the jury that the words of guaranty were upon the paper when it was executed.

Now, while the burden of evidence may be said to have shifted from the plaintiff to the defendant, when she had made out a prima facie case, and from the defendants to the plaintiff, again, when their evidence had overcome the prima facie case, the burden of proof had not changed at all. It was incumbent upon the plaintiff, in the end, upon all the evidence, however it may have shifted from one side to the other, to establish the truth of the allegation upon which she sought to recover, that the instrument contained the disputed words.

"Burden of proof" and "burden of evidence" are often confused. The phrase, burden of proof, is in fact more philosophical than practical. It means generally that a plaintiff, however often the evidence shifts, must upon the whole, persuade the jury, by legal evidence, that his contention is right. The risk of non-persuasion is all the time upon him. If he fails to persuade, he loses his case. This risk of non-persuasion is the burden which he must assume.

*Exceptions overruled.*