## TOUBE v. RUBIN–BLANKFORT CO.

### (Supreme Court, Appellate Term.   May 7, 1909.)

1. EVIDENCE (§ 90*)—MEANING OF "BURDEN OF PROOF."

The phrase "burden of proof" properly signifies the duty to establish the entire case by a preponderance of evidence, in which sense the burden never shifts, and also indicates the duty of proceeding to adduce the evidence, in which sense the burden shifts whenever a prima facie case is made by either party.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 112; Dec. Dig. § 90.*

For other definitions, see Words and Phrases, vol. 1, pp. 904–907.]

2. MASTER AND SERVANT (§ 40*)—ACTION FOR WRONGFUL DISCHARGE—BURDEN OF PROOF.

A servant, suing for a wrongful discharge, need not specifically prove his discharge without cause, as a discharge before determination of the stipulated period prima facie violates the agreement, and the burden is cast on defendant to prove justification.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 47; Dec. Dig. § 40.*]

3. MASTER AND SERVANT (§ 44*)—ACTION FOR WRONGFUL DISCHARGE—INSTRUCTION AS TO BURDEN OF PROOF.

In an action for a wrongful discharge, the main charge declared that the burden was at all times on plaintiff, who was bound to satisfy the jury by a preponderance of evidence that each proposition he advanced was right, and unless he convinced them by such evidence, they were bound to find for defendant. At defendant's request they were instructed that the burden was on plaintiff to prove full performance of his contract, and not on defendant to prove plaintiff's violation thereof. Held that, given in this unqualified form, the instruction was misleading, and reversible error.

[Ed. Note.—For other cases, see Master and Servant, Dec. Dig. § 44.*]

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by Ira Toube against the Rubin-Blankfort Company. From a judgment for defendant, plaintiff appeals. Reversed.

Argued before GILDERSLEEVE, P. J., and DAYTON and GOFF, JJ.

Reuben M. Cohen, for appellant.
I. S. Lambert, for respondent.

PER CURIAM. This is an action to recover damages for the wrongful discharge of plaintiff. Plaintiff proved the contract and his discharge, whereupon, under the allegations of his answer, the defendant offered proof that the discharge had been for cause. The jury found for the defendant. In his main charge the trial justice instructed the jury:

"The law is not in doubt in this case. It is purely a question of fact. You want to remember at all times that the burden of proof is on the plaintiff. That means that the plaintiff is bound to satisfy you by a fair preponderance of evidence that each proposition he advanced is right. The burden of proof is, as I say, on the plaintiff, and, unless he convinces you by a fair preponderance of evidence, you are bound to find in favor of the defendant."

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes
116 N.Y.S.—43

And later, at the request of the defendant's attorney, the justice instructed the jury:

"* * * The burden is on the plaintiff to prove full performance of his contract, and not upon the defendant to prove plaintiff's violation of any of the terms or conditions of the contract."

Given in that unqualified form, it constitutes reversible error. The phrase "burden of proof" is commonly used in a dual capacity. In its first and proper sense it signifies the duty of establishing the entire case by a preponderance of evidence, and as such the burden is never shifted, but rests at all times upon the plaintiff. The same phrase is used, however, to indicate the duty of proceeding to adduce the evidence, and that burden does shift to the opposing party each time a prima facie case is made by the other. The fact that the same words are used to express two entirely distinct ideas often leads to much confusion of thought, as in the case at bar. From the wording of defendant's request it is evident that even the learned trial justice overlooked this distinction at the moment. The rule which applies to the present case may be deduced from the language of Mr. Justice Vann in the case of Linton v. Unexcelled Fireworks Co., 124 N. Y. 533, 536, 27 N. E. 406, although that case was concerned with the pleadings. We read:

"It was necessary for him to aver and prove that he was discharged before his term of service, as provided by the contract, had expired; but it was not necessary that he should, specifically or in express terms, aver or prove that he was discharged without cause, as a discharge before the determination of the stipulated period was prima facie a violation of the agreement. * * * The burden is cast upon the employer of proving, and hence of alleging, facts in justification of the dismissal. Such a defense confesses the contract, and the discharge, but avoids the cause of action by showing new matter, which, by the command of the statute, must be pleaded."

Although it was incumbent upon the plaintiff to show due performance of the contract, the charge of the trial justice tended to mislead the jury as to the respective obligations resting upon the parties.

The judgment must be reversed, and a new trial ordered, with costs to appellant to abide the event.

DAYTON, J., concurs in result.