IRA TOUBE, Appellant, *v.* THE RUBIN-BLANKFORT COMPANY, Respondent.

(Supreme Court, Appellate Term, May, 1909.)

Evidence — Burden of proof — General principles.
Instructions — Power of court and necessity — Rule as to burden of proof.

> The phrase "burden of proof," in its first and proper sense, signifies the duty to establish the entire case upon a fair preponderance of evidence, which duty rests at all times upon the plaintiff; in another sense the phrase is used to indicate the duty of proceeding to adduce the evidence and that burden shifts to the opposing party each time a *prima facie* case is made by the other.

> While it is incumbent upon a servant who sues for a wrongful discharge to show due performance upon his part of the contract of employment, he need neither allege nor prove that his discharge was without cause, but the burden is upon the employer to allege and prove facts in justification of plaintiff's dismissal.

> Where, in an action by a servant for a wrongful discharge, the jury are instructed that at all times the burden of proof is upon the plaintiff who was bound to satisfy them by a fair preponderance of evidence that each proposition plaintiff advanced was right and that, unless he so convinced them, they were bound to find for defendant, a further charge on defendant's request that the burden was upon plaintiff to prove performance of his contract and not upon defendant to prove plaintiff's violation of any of the terms or conditions of the contract is misleading and constitutes reversible error.

APPEAL by the plaintiff from a judgment in favor of the defendant, rendered in the Municipal Court of the city of New York, fifth district, borough of Manhattan.

Misc.]        Supreme Court, Appellate Term, May, 1909.

Reuben M. Cohen, for appellant.

I. S. Lambert, for respondent.

*Per Curiam.* This is an action to recover damages for the wrongful discharge of plaintiff. Plaintiff proved the contract and his discharge; whereupon, under the allegations of his answer, the defendant offered proof that the discharge had been for cause. The jury found for the defendant. In his main charge the trial justice instructed the jury: " The law is not in doubt in this case; it is purely a question of fact; you want to remember at all times that the burden of proof is on the plaintiff. That means that the plaintiff is bound to satisfy you by a fair preponderance of evidence that each proposition he advanced is right. The burden of proof is, as I say, on the plaintiff, and unless he convinces you by a fair preponderance of evidence, you are bound to find in favor of the defendant." And later, at the request of the defendant's attorney, the justice instructed the jury: " * * * the burden is on the plaintiff to prove full performance of his contract, and not upon the defendant to prove plaintiff's violation of any of the terms or conditions of the contract." Given in that unqualified form it constitutes reversible error. The phrase " burden of proof " is commonly used in a dual capacity. In its first and proper sense it signifies the duty of establishing the entire case by a preponderance of evidence; and, as such, the burden is never shifted, but rests at all times upon the plaintiff. The same phrase is used, however, to indicate the duty of proceeding to adduce the evidence; and that burden does shift to the opposing party each time a *prima facie* case is made by the other. The fact that the same words are used to express two entirely distinct ideas often leads to much confusion of thought, as in the case at bar. From the wording of defendant's request, it is evident that even the learned trial justice overlooked this distinction at the moment. The rule which applies to the present case may be deduced from the language of Mr. Justice Vann in the case of Linton v. Unexcelled Fireworks Co., 124 N. Y. 533, 536, although that case was

concerned with the pleadings. We read: " It was necessary for him to aver and prove that he was discharged before his term of service, as provided by the contract, had expired, but it was not necessary that he should, specifically or in express terms, aver or prove that he was discharged without cause, as a discharge before the determination of the stipulated period was *prima facie* a violation of the agreement. * * * the burden is cast upon the employer of proving, and hence of alleging, facts in justification of the dismissal. Such a defense confesses the contract and the discharge, but avoids the cause of action by showing new matter which, by the command of the statute, must be pleaded."

Although it was incumbent upon the plaintiff to show due performance of the contract, the charge of the trial justice tended to mislead the jury as to the respective obligations resting upon the parties.

The judgment must be reversed and a new trial ordered, with costs to appellant to abide the event.

GILDERSLEEVE and GOFF, JJ., concur.

DAYTON, J., concurs in result.

Judgment reversed and new trial ordered, with costs to appellant to abide event.