JOHN H. NUNNELEE, Administrator, Appellant, v. ST. LOUIS, IRON MOUNTAIN AND SOUTHERN RAILWAY COMPANY, Respondent.

**Springfield Court of Appeals, June 6, 1910.**

1. CARRIERS: Damage to Goods: Act of Owner. A shipper was traveling in a freight car with his horses and household goods. He was last seen alive in the car with a lighted lantern. Later the car was found burning, and when the door was opened the body of deceased was found with one or more iron rake wheels lying on it. In a suit against the railroad company for the value of the goods where the petition alleged the negligent destruction thereof by defendant, the evidence is examined and held to show that the fire must have originated from the lantern which was under the exclusive control of deceased; that there was no evidence that the fire was caused form any act of defendant and that the trial court properly sustained a demurrer to plaintiff's evidence.

145 App—2

2.    ——: ——: ——. A common carrier is not an insurer of goods in shipment against any loss that might, occur through the act of the owner of the goods, or through any agency under the exclusive control of the owner.

3.    ——: ——: ——: Pleading: Burden of Proof. In a suit against a common carrier for damages on account of the destruction by fire of goods in shipment where it appears from the evidence that the fire came from a lantern which was in the exclusive control of the shipper, the carrier will be released unless it can be shown that the fire was in fact caused by the carrier's negligence, and the burden will be on plaintiff to establish the carrier's negligence, whether negligence is pleaded in the petition or plaintiff stands squarely on the bailment.

Appeal from Butler Circuit Court.—*Hon. J. C. Sheppard,* Judge.

AFFIRMED.

*David W. Hill* for appellant.

(1) The physical facts in this case show that the emigrant car was struck by another car with terrific force sufficient to cause the fire, and the company is liable not only as an insurer but on the ground of negligence, which is charged generally. Powder Mfg. Co. v. Railroad, 101 Mo. App. 442; Mires v. Railroad, 134 Mo. App. 379; Milling Co. v. Railroad, 121 Mo. App. 80. (2) In all probability the shipper was sleeping at the time the damage occurred. In any event there is no evidence he was negligent, and in the absence of evidence to the contrary, the law presumes that at the time he was cremated he was exercising due care. Weller v. Railroad, 164 Mo. 180.

*James F. Green* for respondent.

(1) There was no evidence whatever in proof of the allegations of the petition, and the court correctly so decided. A verdict based on surmise or conjecture cannot stand. Warner v. Railroad, 178 Mo. 125; Pat-

ton v. Railroad, 179 U. S. 658; Moore v. Railroad, 28 Mo. App. 622; Haynes v. Trenton, 133 Mo. 126; Peck v. Railroad, 31 Mo. App. 128; Goranson v. Mfg. Co., 186 Mo. 307; Smart v. Kansas City, 91 Mo. App. 586; Connelly v. Railroad, 113 S. W. 235; Lynch v. Railroad, 112 Mo. 432; Kelly v. Railroad, 125 S. W. 820. (2) Plaintiff, having alleged a cause for the failure of defendant to deliver the property sued for, was required to prove the averments of the petition. Roscoe v. Railroad, 202 Mo. 587; McGrath v. Railroad, 197 Mo. 97; Orcutt v. Building Co., 201 Mo. 424; Hamilton v. Railroad, 114 Mo. App. 509; Gale v. Foundry, 177 Mo. 450; Hite v. Railroad, 130 Mo. 136; Bunyan v. Railroad, 127 Mo. 19.

COX, J.—Plaintiff filed petition in three counts, in the first of which he charged that defendant was a common carrier, and that he had accepted from the deceased, Joseph H. Fowlkes, certain personal property, therein described, to be carried by defendant from Doniphan, Ripley county, Missouri, to Newbern, Tennessee, there to be again delivered to Fowlkes; that defendant failed to deliver, and then charges that "the above described personal property has been wholly lost to deceased and plaintiff, as a result of the carelessness and negligence of the defendant, its officers, agents, servants and employees, in causing and permitting the same to be consumed by fire, or rendered absolutely valueless by having been burned in the defendant's car in its railroad yards at or near Poplar Bluff, Missouri, on or about the 20th day of November, A. D. 1907, at which time the owner of said personal property, Joseph H. Fowlkes, was likewise burned to death, all to the damage of the plaintiff in the sum of one thousand fifty-seven and 28-100 dollars."

The second count of the petition was dismissed by plaintiff before the close of the testimony.

In the third count the charge is made that deceased Fowlkes, had on his person the sum of three hundred dollars in money which was consumed in the fire at the time of the burning of the goods described in the first count, and prays judgment for that amount.

The evidence shows that deceased, Fowlkes, was intending to move to Tennessee, and had sent his family there; that his household goods, farm machinery, two horses, some hay and feed were loaded into a car, under his own supervision, at Doniphan, to be shipped to Tennessee; that deceased, Fowlkes, traveled in the car; that the horses were placed at one end of the car, and the other articles at the other end of the car; that Fowlkes had prepared a place for himself between the two doors of the car, and that he had a lantern. The car was hauled to Neelyville where it was switched and remained for some little time at night, and while there, the deceased was seen out of the car, apparently in good health, and that he returned to the car, had his lantern lighted therein and was then seen by the agent of the company in the car with the lantern lighted. That this car was hauled from there to Poplar Bluff, where it arrived at about two o'clock a. m. and was again placed upon a switch. Sometime afterwards, during the night, fire was discovered in the inside of the car. When the alarm was given some parties came to the car, pried the door open, and when they did so, the fire and smoke came out at the door in such volume as to drive them away, but it was discovered that the body of a man was in the car, and there is some testimony tending to show that when the body was first discovered there was one or more iron rake wheels lying on the body. The evidence further shows that these rake wheels had been stored in the car at the end. There is some disagreement as to whether they were sitting on the floor of the car, or whether they were piled on top of some other articles. These were iron rake wheels, about four or five feet in diameter, and weighed from seventy-five to one hundred

pounds each. The entire contents of the car were practically consumed and the horses and man burned. The evidence further shows that there was a car standing a short distance from this car on the south, and one a short distance on the north, at the time of the fire. Whether these cars had ever been connected with this car that burned does not appear.

At the close of plaintiff's testimony the court gave a peremptory instruction to the jury to find for the defendant, verdict was returned accordingly and plaintiff has appealed.

The principal contention of appellant in this court is that the trial court erred in sustaining a demurrer to plaintiff's testimony. To sustain him in this position he contends first, that these goods, having been shipped under contract of affreightment, the defendant was an insurer and was, therefore, liable for the loss. Second, that even though the defendant is not to be held liable as the insurer, yet when the plaintiff had proven that the goods were destroyed by fire in transit that the burden of proof was cast upon defendant to show that the loss occurred without its fault. Respondent contends that defendant was not an insurer, under the allegations of the petition in this case; that by reason of the fact that plaintiff alleged the destruction of the goods by fire was caused by defendant's negligence, that the burden is upon him to prove that fact and that he failed to do so, and, therefore, the peremptory instruction was right.

That defendant was not an insurer of these goods against any loss that might occur through the act of the owner who rode in the car with the goods, would seem to be so clear as not to require authority or argument to support it. While ordinarily a common carrier which receives goods for shipment is required to deliver the goods according to its agreement, yet when the owner of the goods accompanies them, the general liability of the defendant is limited to the extent that the carrier is, in no sense, responsible for any injury or loss to the

goods that may occur through the act of the owner, or through any agency that is under the exclusive control of the owner. Then as to that phase of the case the whole question would turn upon whether or not the defendant was in any way responsible for the fire, or whether the deceased, who was in charge of the goods was responsible. On the other phase of the case the liability of the defendant would turn upon the same question for if the plaintiff had not pleaded negligence and had stood squarely on the bailment, yet when it is shown that the fire came from the lantern and that the lantern was in the exclusive control of the shipper, the carrier would be released unless it could be shown that the fire was, in fact, caused by the negligence of the defendant and the burden would have been on the plaintiff to prove that fact. [6 Cyc. 379; Hart v. The Railroad (Iowa), 29 N. W. 597.]

The evidence conclusively shows that the fire originated upon the inside of the car. The only instrument known to be inside of the car from which fire could have started was the lantern in charge of deceased. It is shown that this lantern was lighted the last time anyone saw the deceased in the car before the fire. In the absence of any direct testimony accounting for the origin of the fire in any other way, but one conclusion could be reached, and that is, that it started in some way from the lantern. This position is practically conceded by appellant, but his contention is that the fact that one of the rake wheels was found lying on the body of Fowlkes is evidence from which the triers of the fact will be warranted in finding that this wheel had been dislodged from its place in the car, and thrown upon deceased, and that either this wheel or some other article in the car had, when dislodged from its place, struck the lantern and that caused the fire, and that this occurred by reason of the fact that defendant had, in switching, or in some

other way, jostled this car with such force as to cause the dislodgement of these articles and, hence, the defendant was responsible for the fire.

There is an entire absence of proof that there was any jostling; that any article in the car was dislodged from its place by reason of a jolt; that the lantern had been broken and the fire started in this way except from the fact that one of these iron rake wheels was found upon the body of Fowlkes at the time of the fire. It seems to us that no jury would have been warranted in finding from this fact alone that there was a jolting of the car and that such jolt broke the lantern and caused the fire and that such jolting was caused by the negligence of the defendant, and this is true, regardless of where the burden of proof rested for all of the facts shown in this case were shown by the plaintiff, and we think that but one conclusion could have been drawn therefrom, and, that is, that the conduct of the deceased either caused the fire, or that it was purely an accident for which nobody was responsible.

Under the evidence in this case the only way possible for the fire to have originated in that car was from the lighted lantern. This lantern was in the exclusive charge and control of the deceased, Fowlkes, who was traveling in the car with these goods, and since the defendant had no control of the lantern, it cannot be said that defendant can be held responsible for a fire that originated from it without any evidence to show that defendant did, as a matter of fact, cause the fire to be started from the lantern. The judgment will be affirmed. All concur.