## LOCKETT v. THEODORE MAXFIELD CO.

No. 5818., Opinion Filed April 5, 1916.

(156 Pac. 1192.)

1. **ACCOUNT, ACTION ON—Burden of Proof.** Where the issue made by the pleadings in an action upon an account is whether the credit was extended to the defendant individually, or to the defendant as agent of a corporation, and the evidence is in conflict upon said issue, it is reversible error for the court to instruct the jury that, to entitle defendant to a verdict, "at the time of the purchase, the evidence must clearly establish that the defendant was acting for a corporation, and disclosed that fact to the plaintiff," as such instruction erroneously places the burden of proof upon the defendant.

2. **EVIDENCE—Weight and Sufficiency—Preponderance.** Where the evidence is in conflict, it is not required, to entitle the defendant to a verdict, that he support his defense by a preponderance of the evidence, but it is sufficient if the evidence of the defendant is in equipoise with that of the plaintiff.

(Syllabus by Collier, C.)

*Error from County Court, Oklahoma County;*
*John W. Hayson, Judge.*

Action by the Theodore Maxfield Company against H. B. Lockett. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

*H. B. Lockett, in pro. per.*

*McLaury & Hopps,* for defendant in error.

Opinion by COLLIER, C. This is an action brought by the defendant in error against the plaintiff in error to recover upon an account for goods, wares, and merchandise sold by defendant in error to plaintiff in error, in the sum of $839.21. Plaintiff in error filed an answer denying each and every allegation of the petition. Hereafter the parties will be designated as they were in the trial court.

The evidence was in conflict as to whether the said credit was extended to the defendant individually, or the goods, wares, and merchandise were purchased by the defendant as agent of the Comanche Mercantile Company, a corporation. The case was tried to a jury, and among other instructions the court gave the following:

"Upon the other hand if, after fair and impartial consideration of all the testimony in this case, you believe that the plaintiff has failed to establish by a preponderance of the testimony the things set out in the last instruction, or you believe that at the time of the purchase the evidence clearly establishes that the defendant was acting for a corporation known as the 'Comanche Mercantile Company,' and disclosed that fact to the plaintiff, and did not purposely conceal anything from the plaintiff with reference thereto, for the purpose of deceiving the plaintiff, and that the transaction was in good faith upon his part, as the agent of the Commanche Mercantile Company, it would be your duty to find for the defendant."

To which instruction the defendant duly excepted. The jury returned a verdict for the plaintiff, which was duly excepted to, a timely motion for a new trial made, which was overruled and exceptions saved, and this appeal perfected.

There is but one issue involved in this case: Was the credit extended to the defendant individually, or to the defendant as the agent of the Commanche Mercantile Company? The petition averred that the credit was extended to the defendant individually, and it averred that he was doing business as the "Commanche Mercantile Company." This averment is denied by the defendant. The burden was upon the plaintiff to prove by a preponderance of the evidence that the credit was extended

to the defendant individually. The latter part of the instruction under review was calculated to mislead the jury and cause them to believe that the burden of proof was shifted to the defendant, and required him to "clearly establish that he was acting for the said corporation."

It being averred by the plaintiff and denied by the defendant that the credit was individually extended to the defendant, the plaintiff could not legally recover, unless this contention for the plaintiff was sustained by a preponderance of the evidence. If the evidence on this, the vital issue in this case, was in equipose, the defendant should have had the verdict. Certainly it was not the duty of the defendant to clearly establish by evidence that this material averment of the petition was untrue.

We are of the opinion that the giving of said instruction was reversible error.

"The burden of establishing the entire case by a preponderance of the evidence is at all times upon the party having the affirmative, and remains during the entire case where the pleadings originally placed it." *(Standard Marine Ins. Co. v. Traders' Compress Co.,* 46 Okla. 356, 148 Pac. 1019.)

"So far as the party having the burden of proof is concerned, two results obviously follow from the rule: (1) The two burdens are upon the same person at the begining of the trial. Until the party having the burden of proof establishes a *prima facie* case in his own favor, his adversary need do nothing. The actor has failed. A motion to direct a verdict is in order. The inertia of the court is not yet overcome, and that is victory for the *reus.* Upon the establishment of the actor's *prima facie* case, the burden of evidence shifts to the *reus,* the party on the defensive, with the negative of the issue. It is not incumbent upon the nonactor to deprive his adversary's case of its *prima facie* quality. Preponderance in his

own favor would be of advantage, because just so much harder for the actor to overcome, but equilibrium suffices for the nonactor's purpose." (2 Chamberlayne on Evidence, p. 1097.)

As the errors pointed out must work a reversal of this case, we do not deem it necessary to review the other errors assigned.

This case should be reversed and remanded.

By the Court: It is so ordered.