**DAVIS, Director Gen. of R. R., v. RIVERS.**

No. 13127—Opinion Filed Oct. 7, 1924.

1. **Carriers—Action Against Carrier for Loss of Goods by Fire—Negligence—Presumption—Pleading.**

Where goods are delivered to a common carrier to be transported to another point and while in transit they are destroyed by fire and the bailor brings action for the value of the destroyed goods, and alleges the fire was occasioned by the negligence of the carrier; such allegation in the petition states a condition of fact which relieves the defendant from the presumption of negligence ordinarily arising from a prima facie case of failure on the part of the carrier to deliver the goods in good condition.

2. **Same—Burden of Proof of Negligence.**

Where the bailor delivers property to a common carrier, and action is brought to recover the value of the property and plaintiff alleges the property was destroyed by fire caused by the negligence of the carrier, the negligence of the carrier, as the proximate cause of the loss of the property by fire, thus becomes the essential fact to recovery; and the burden of proof is upon the plaintiff in the action. It is incumbent on him to prove that the defendant had by some act or omission violated some duty, by reason of which the fire originated; or that some negligence or want of care such as a prudent man would take under similar circumstances of his own property caused or permitted or contributed to cause or permit the fire by which the property was destroyed.

3. **Same—Failure of Proof—Demurrer to Plaintiff's Evidence.**

Where action is brought against a common carrier to recover the value of goods alleged to have been destroyed by fire occasioned by the negligence of the defendant,

and the plaintiff's evidence wholly fails to prove any act of negligence, or any fact from which an inference of defendant's negligence can be reasonably drawn, it is error of the court to overrule the defendant's demurrer to the evidence of the plaintiff.

(Syllabus by Ruth, C.)

Commissioner's Opinion, Division No. 3.

Error from District Court. Okmulgee County: Mark L. Bozarth, Judge.

Action by Adolph Rivers against James C. Davis, Director General of Railroads. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

W. F. Evans, Stuart, Sharp & Cruce, and W. T. Stratton, for plaintiff in error.

A. E. Graham and W. A. Barnett, for defendant in error.

Opinion by RUTH. C This action was brought by the defendant in error, plaintiff below, against the plaintiff in error, defendant below, and they will be designated as they appeared in the lower court.

Plaintiff alleges he shipped a carload of property over the lines of the St. Louis & S. F. Railway Company, the property consisting of some livestock in one end of the car and household goods in the other end of the car. That the goods were loaded in defendant's car at Weleetka, Okfuskee county, Okla., and were to be transported to Boynton, Okla. That about 4:30 p. m. the car containing the goods was left on the tracks of the defendant company, at Okmulgee, and while there, through the carelessness and negligence of the defendant, the car was set on fire and the contents thereof destroyed, and plaintiff suffered a loss of $453.50. A copy of the live stock contract, under which the property was shipped, is attached to the petition and made a part thereof. Defendant for answer denies generally, and for further defense says the shipper placed a valuation upon said household goods of $10.00 per 100 pounds, and if plaintiff is entitled to recover anything, he is entitled to recover a sum not exceeding $10.00 per 100 pounds upon that part of the shipment actually destroyed. The cause was tried to a jury, and a verdict returned for plaintiff, and defendant brings this cause here for review upon case-made and petition in error. Defendant assigns nine specifications of error and argues the same under five heads, viz: (1) Error in overruling defendants demurrer to plaintiff's evidence. (2) Failure to direct a verdict for defendant. (3) Refusal to give certain instructions requested by defendant. (4) Verdict

not sustained by sufficient evidence and contrary to law. (5) Verdict contrary to law and to instructions of the court. Error in the assessment of the amount of recovery, same being too large. Excessive damages appearing to have been given under the influence of passion and prejudice.

The evidence of the plaintiff discloses he loaded a car with live stock in one end and erected a partition to separate the stock from the other part of the car; that one end of the car was loaded with household goods, and in the middle of the car between the doors there was live stock feed, consisting of hay, oats, and "corn in the shuck;" that there was a lantern sitting on the floor of the car where the corn, hay and oats were loaded, but it was not burning; that the car was in charge of one Kimble, agent of the plaintiff; that the car reached Okmulgee about 5:30 p. m. on December 10, 1918, and Kimble left the car door open and went "up town," and did not return until 7 p. m., and after he was told the car was afire; that the car was not consumed, but the fire was confined entirely to the inside of the car.

This is the sum total of the evidence relative to the origin of the fire and as the plaintiff alleges the fire was caused by the carelessness and negligence of the defendant, the burden of proof was upon the plaintiff to establish by competent evidence the acts of negligence of the defendant, or some facts from which an inference of negligence could reasonably be drawn.

Ordinarily a common carrier, which receives goods for shipment, is required to deliver the goods according to its agreement; yet, when the owner of the goods or his agent accompanies them, the general liability of the defendant is limited to the extent that the carrier is in no sense responsible for any injury or loss of the goods that may occur through the act of the owner or his agent. Then, as to that phase of the case, the whole question would turn upon whether or not the defendant was in any way responsible for the fire, or whether the owner's agent, who was in charge of the goods, was responsible. If the plaintiff had not pleaded negligence and had stood squarely on the bailment, a different question would have been presented, but having pleaded that the loss was occasioned by fire through the negligence of the defendant, the burden was upon the plaintiff to prove that fact. 6 Cyc. 379. Hart v. Railroad, 69 Iowa, 485, 29 N. W. 597; Ninnelee v. St. L. I. M. & S. Ry. Co. (Mo.) 129 S. W. 762.

In Stone v. Case, 34 Okla. 5, 124 Pac. 960,

the action was predicated upon the negligence of the defendant in causing a fire, wherein the piano of the plaintiff was destroyed, the piano having been leased to the defendant by the plaintiff, and this court, speaking through Harrison, C., said:

"In the second count, if a cause of action is stated at all, the plaintiff's right of recovery is predicated solely upon the defendant's negligence. It states a condition of facts which relieves defendant of the presumption of negligence ordinarily arising from a prima facie case of failure to return the property. It alleges that the loss was caused by fire, and the fire was caused by defendant's negligence. In alleging a loss by fire, the defendant was relieved of the presumption of negligence, and in alleging the fire was caused by negligence, plaintiff assumed the burden of proving such negligence. Her right of recovery is based upon defendant's negligence. She must prove this negligence in order to fix a lability on him. For, under the great weight of authority, and under the light of reason, where the loss of bailor's property is occasioned by fire, robbery, burglary, or theft, or by any means which would ordinarily and reasonably seem to be unavoidable, the bailee is relieved of the presumption of negligence in the loss, and of the consequent burden of interposing an affirmative defense."

The court then cites with approval Wilson v. Southern Pac. R. Co., 62 Cal. 164, as follows:

"A prima facie case of negligence is made out against a warehouseman, who refuses to deliver property stored with him, upon proof of demand and refusal. Upon such proof alone the burden is upon him to account for the property; otherwise he shall be deemed to have converted it to his own use. But if it appears that the property, when demanded, was consumed by fire, the burden of proof is then on the bailor to show that the fire was the result of the negligence of the warehouseman. Harris v. Packwood, 3 Taunt. 264; Beardslee v. Richardson, 11 Wend. (N. Y.) 26 (25 Am. Dec. 596); Browne v. Johnson, 29 Tex. 43; Lamb v. Camden & Amboy R. C. (46 N. Y. 271, 7 Am. Rep. 327); (Jackson v. Sac. Val. R. Co.) 23 Cal. 269. The negligence of the appellant, as the proximate cause of the loss of the property by fire, thas became the essential fact to recovery; and the burden of proof was upon the plaintiff in the action. It was incumbent on him to prove that the defendant had, by some act of omission, violated some duty, by reason of which the fire originated; or that some negligence or want of care, such as a prudent man would take under similar circumstances of his own property, caused or permitted or contributed to cause or permit the fire by which the property was destroyed"

Judge Story, in his work on Bailments (8th Ed.) sec. 210, says:

"With certain exceptions, which will hereafter be taken notice of, as to innkeepers and common carriers, it would seem that the burden of the proof of negligence is on the bailor, and proof merely f the loss is not sufficient to put the bailee on his defense. This has been ruled in a case against a depositary for hire, where the goods bailed were stolen by his servant. Section 410a: 'Properly understood, it seems to be clear that the burden of proof must always be upon the plaintiff to make out all the facts upon which his case rests, and, as negligence is the foundation of the action between bailor and bailee, that the duty of proving such negligence is on the former, rather than that of disproving it on the latter. That the burden is on the plaintiff in other cases founded on negligence is now quite generally agreed. * * * Negligence is no more to be presumed in such cases than in any other. There is some discrepancy in the cases, but 'the best-considered modern authorities, in which the question has been most directly discussed and decided. support the views above expressed.' Story, Bailments, secs. 213, 278, 339, 454, and authorities, notes 3, 4. 'All bailees, with or without a special contract, are prima facie excused when they show loss or injury by act of God, or of public enemies, and ordinary bailees in a variety of lesser instances, such as fire, loss by mobs, or robbery.' Wilson v. Southern Pac. R. Co., 62 Cal. 164 (supra). as to loss by fire; 3 Am. & Eng. Enc. Law, pp. 750, 751, and cases cited. Negligence is an affirmative fact, to be established by proof. Rutledge v. Railway Co. (123 Mo. 121) 24 S. W. 1053. The burden of sustaining the affirmative of an issue involved in an action is upon the party alleging the facts constituting the issue. Heineman v. Heard, 62 N. Y. 448. The appellant asked the court to instruct the jury that the burden as to negligence was on the plaintiffs, which he refused to do. This was error. For the errors indicated the judgment is reversed, and the cause remanded for a new trial."

In Standard Marine Insurance Co. v. Traders Compress Co., 46 Okla. 356, 148 Pac. 1019, it is held:

"In an action against a bailee for hire for the injury to cotton, where it is alleged that the injury was occasioned by fire, and that such fire was caused by the negligence of the bailee, the court properly instructed the jury that the burden of proof was upon the plaintiff to prove that the fire was caused by defendants negligence."

The plaintiff having wholly failed to prove negligence on the part of the defendant, or any facts from which any inference could be reasonably drawn that defendant was guilty of negligence, the demurrer of

the defendant to the evidence of the plaintiff should have been sustained and the court erred in overruling the same.

For the reasons herein stated. the judgment of the trial court should be reversed, and this cause remanded for a new trial in conformity with this opinion.

By the Court: It is so ordered.