In the Matter of the Estate of CLARENCE D. BRAUNFELD, Deceased.

Surrogate's Court, Bronx County, June 5, 1936.

*Nachamie & Benjamin,* for the petitioner, Charlotte Braunfeld, as administratrix.

*Melvin S. Brotman,* for the respondent.

HENDERSON, S.  In this discovery proceeding the respondent in her answer alleges " that she is the owner and entitled to the possession of the property set forth in the petition herein; that such property was transferred to her for a valuable consideration by the said " decedent at certain specified dates: " November, 1929, * * * January, 1935, * * * December, 1935."

The decedent's ownership of the three items of personalty described in the petition, at such respective dates, is thus conceded. The presumption is that his ownership continued (*Matter of Housman,* 224 N. Y. 525, 526) and the petitioner's *prima facie* case has been made out without further proof. Proof of the decedent's alleged transfer of each item for valuable consideration thereupon became the burden of the respondent. (*Matter of Housman, supra; Grey* v. *Grey,* 47 N. Y. 552, 555.)

The term "burden of proof" is often used to express one of two entirely distinct ideas. The true burden of proof never shifts. The duty to proceed with the adduction of evidence, however, shifts whether either party makes a *prima facie* case. (*Toube* v. *Rubin-Blankfort Co.*, 63 Misc. 298.)

The respondent was given the privilege of opening to the jury. It is a substantial right. Her formal objection thereto was, in effect, merely a disclaimer of any *prima facie* case for the petitioner. The petitioner did not claim such right. The respondent called one witness and rested without any examination of the witness. There was no evidence to controvert the petitioner's *prima facie* case, and the petitioner's motion to direct a verdict is granted.

Upon the directed answers of the jury, I find that the three items of personalty described in the petition are the property of the decedent's estate and that the petitioning administrator is entitled to the possession thereof. The respondent is directed to deliver the same to the petitioner.

Settle decree accordingly.