No. 15,972.

McKINLEY v. DENVER AND RIO GRANDE WESTERN
RAILROAD COMPANY
(201 P. [2d] 905)

Decided January 10, 1949.

Mr. Raphael J. Moses, for plaintiff in error.

Mr. T. R. Woodrow, Mr. W. G. Prescott, Mr. George H. Blickhahn, for defendant in error.

*In Department.*

Mr. Justice Stone delivered the opinion of the court.

McKinley sought damages against the trustees of the Denver and Rio Grande Western Railroad Co., based on asserted injury to sheep shipped from Presidio, Texas, to Mosca, Colorado, the defendant's line having been the terminal carrier. The Company has since been substituted in place of the trustees as party defendant. At the conclusion of plaintiff's evidence, the court sustained defendant's motion for a directed verdict on the ground that plaintiff had failed to establish any case against the defendants, and plaintiff here seeks reversal of the judgment entered pursuant to such verdict.

Plaintiff in his complaint alleged shipment "over, among others, the lines of defendants," also the good condition of the sheep when loaded, and "that the defendants failed and neglected properly or adequately to feed said sheep while the same were in their care and custody and while the same were being transported over the lines of the defendants, thereby causing said sheep to become weakened, starved and emaciated, so that 87 of said sheep died and the remainder of 936 sheep were so weakened, starved and emaciated that is was necessary for plaintiff to give them stimulants and special care and to give them extra feed for a period of 40 days in order to restore them to their normal condition." As one of its defenses, the defendant admitted being the terminal carrier and denied the other allegations of the complaint.

Plaintiff introduced evidence that the sheep were in good condition when loaded, that they were not given

sufficient food, that there were numerous deaths in transit, and that the surviving sheep arrived in a weak and emaciated condition. However, the evidence as to failure and neglect adequately to feed the sheep is as to such failure while they were held in the pens of the Pueblo Stockyards Company, and no evidence is called to our attention showing that those pens were under the control of the defendant or that the sheep while therein were in its care and custody. The court, in ruling on the motion for a directed verdict, said in part: "The evidence shows that the sheep were fed 3,600 pounds of hay in Pueblo. The evidence shows that 3,600 pounds of hay was not adequate. The evidence does not show that it was part of the cause perhaps of the injury to the sheep but the evidence is silent upon the point whether the consignment had reached the point where the Denver & Rio Grande Western Railroad had any duty in the matter. At the time of the feeding of the sheep no one knows who it was failed to feed these sheep more than 3,600 pounds, whether it was some other carrier or who it was, and the plaintiff has rested. Under those conditions the jury are instructed to retire to its jury room and return a verdict for the defendants."

Plaintiff here urges that the evidence was sufficient to support the allegations of the complaint. Had plaintiff been content to plead that the sheep had been received in good condition and delivered in bad condition and made proof of those facts and that the shipper did not accompany the stock, he would have established a prima facie case. *Cooper v. Oregon Short Line R. R. Co.*, 45 Idaho 313, 262 Pac. 873; *Estes v. Denver & R. G. R. Co.*, 49 Colo. 378, 113 Pac. 1005. However, when plaintiff pleads specific acts of negligence of the defendant carrier he is required to establish the negligence so specifically charged. "Where it appears only that goods were delivered to a carrier in good condition and that the carrier delivered them to the consignee in damaged condition, the shipper has made out a prima

facie case of negligence against the carrier who must then prove the exercise by it of proper care. But where the shipper alleges specific acts of negligence, the burden of proving such acts is upon him." *Atlantic Coast Line R. Co. v. Georgia Packing Co.,* 164 F. (2d) 1. "If the plaintiff had not pleaded negligence and had stood squarely on the bailment, a different question would have been presented, but having pleaded that the loss was occasioned by fire through the negligence of the defendant, the burden was upon the plaintiff to prove that fact." *Davis v. Rivers,* 103 Okla. 198, 229 Pac. 571.

"It is undoubtedly true that, if it had been alleged that the property was delivered to the carrier in good condition at Plainview and had been delivered at Robstown in bad condition, then, in the absence of evidence upon the part of the carrier showing that it had not been guilty of negligence in handling the shipment, it would be liable as an insurer of the property. This is the general, well-established rule, in the absence of allegations of the plaintiff confining the negligence of the carrier to certain specific acts of negligence. When such specific acts of negligence are alleged the rule is subordinated to proof of those acts of negligence, and a failure to prove the allegations is a failure to establish a case of negligence. After failing to prove the specific acts alleged the plaintiff cannot then fall back on the general doctrine that, when a common carrier receives property for shipment, it is liable for its value if it fails to deliver to the consignee as contracted, unless in case of damage it accounts for the same in such way as to excuse it from liability." *Myers v. Texas Land & Development Co.,* 282 S.W. 919 (Texas Civ. App.).

The question whether the presumption of negligence on the part of defendant as the terminal carrier applies under pleadings and proof as here presented is not raised or discussed; the testimony taken to supplement the agreed statement of facts is not abstracted, and we find no reversible error in the ruling of the trial court.

■ Subsequent to the ordering of a directed verdict, counsel for the plaintiff moved to amend his complaint to conform to the proof and the denial of this motion also is specified as error. No proof with which the complaint should conform was pointed out, no specific amendment was tendered, and there was no showing as to the amendment desired. The only difficulty resulting from the complaint appears to have arisen from the specification of particular negligence therein. When the specific acts of negligence upon which plaintiff relies are declared by him, whether in his complaint or at pre-trial conference or in any other manner, it is the general rule that he is restricted thereby. He must maintain his cause, if at all, by proof of the negligence so charged. No reason of surprise or excusable negligence appears to justify an exception here to the general rule.

After a plaintiff has rested without making proof of the facts to which he has restricted himself, and a directed verdict has been ordered, no abuse of discretion appears in the court's refusal to permit the reopening of the case and the amendment of the complaint in an attempt to set out and establish a cause of action based on facts other than those upon which the case was tried.

Accordingly the judgment is affirmed.

MR. JUSTICE HILLIARD and MR. JUSTICE HAYS concur.